Decided 16 July, 1900.
**HILTS *v.* HILTS.·**
[ 61 Pac. 855.]

From Union :   ROBERT EAKIN, Judge.

Suit by J. M. Hilts against Rachael Hilts.   From a decree for defendant the plaintiff appeals.   AFFIRMED.

For appellant there was a brief and an oral argument by *Messrs. B. F. Wilson* and *J. W. Knowles.*

For respondent there was a brief and an oral argument by *Mr. J. D. Slater.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a suit to reform a deed.   The complaint alleges that prior to December, 1898, C. W. Ladd and wife conveyed to the plaintiff a farm of one hundred and sixty acres in Union County, and certain town property in the City of La Grande, by separate deeds ;   that in December, 1898, plaintiff and defendant made and entered into an agreement by the terms of which plaintiff was to convey to defendant the town property, but, by mistake of the parties and the scrivener, conveyed the farm instead ; that plaintiff discovered the mistake in March, 1899, and, in order to correct it and carry out the agreement, he made, executed, and delivered to her a good and sufficient deed conveying the town property, and then and there requested and demanded of her a reconveyance of the farm, which she refused and still refuses to make.   The answer admits the conveyance by C. W. Ladd and wife to the plaintiff of the farm and town property, the execution by plaintiff of the deed conveying the farm to defendant, and the execution and delivery to her in March,

1899, of the deed conveying the town property, and alleges that in 1896 the plaintiff, who was then the husband of defendant, did, as her agent, and acting for her, purchase the farm, but wrongfully and without her knowledge or consent took the conveyance thereof in his own name; that such lands were purchased and paid for with the money of defendant, and should have been deeded to her; that at the time the land was conveyed to plaintiff it was mortgaged for $1,200, which the defendant assumed and agreed to, and did afterwards, pay; that on the twenty-ninth of December, 1898, the defendant demanded of plaintiff that he convey the farm to her, together with other land standing in his name, but which actually belonged to her, and in pursuance of such demand he did make, execute, and deliver to her the deed to the farm, but failed and neglected to deed any of the other land mentioned until on or about March 18, when he deeded the town property to her. The reply put in issue the allegations of the answer, and upon the issues thus joined trial was had, resulting in favor of the defendant, from which plaintiff appeals.

The questions involved in this case are purely questions of fact. The evidence shows that at the time of the marriage of the parties hereto, some time prior to 1896, the plaintiff was without property or means, but the defendant owned considerable property; that, subsequent to the marriage, plaintiff looked after, and to some extent managed, his wife's property, and the proceeds therefrom and all moneys received by her were deposited in the bank to the joint account of both, or at least were subject to check by either; that the purchase price of the farm in controversy was $100 in cash, some mules valued at $300, and an agreement to discharge a mortgage thereon of $1,200; that the $100 in cash was paid from the defendant's funds, and a joint note of plaintiff and defendant

given for the purchase price of the mules ; that after the purchase of the farm the income thereof was deposited in the bank to the joint account of the parties, and the note given for the mules was paid by draft thereon. The mortgage was paid by defendant after the commencement of this suit. So it quite clearly appears that, although the deed to the farm was taken in plaintiff's name, it was paid for by, and in fact belonged to, defendant, so that when plaintiff made the deed of December, 1898, he was simply conveying to defendant what already belonged to her. Some questions of law are discussed in the briefs, but, in the view we have taken of the testimony, they are wholly immaterial and require no consideration. It follows that the decree of the court below must be affirmed, and it is so ordered.                                AFFIRMED.

Decided 16 July, rehearing denied 22 October, 1900.